FILED

2008 Jul-30  AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

GWENDOLYN ERVIN,

     Plaintiff,

v.                                     Civil Action No. CV-06-J-1447-S

HOUSING AUTHORITY OF THE
BIRMINGHAM DISTRICT, et al.,

     Defendants.

## MEMORANDUM OPINION

This case comes before the court on remand from the Eleventh Circuit Court of Appeals, with instructions to "consider whether the 'factors that assure the underlying reliability and probative value of the evidence' necessarily are present here." *Ervin v. Housing Authority of the Birmingham District*, No. 07-14219 (11th Cir. July 16, 2008), With that instruction, the court finds as follows:

The facts of this case arise from the termination of the plaintiff's federal rental benefits under Section 8 of the National housing Act of 1937.  The sole issue before the court after appeal concerns the evidence upon which the defendant Housing Authority of the Birmingham District ("HABD") relied in terminating the plaintiff's benefits.[1]

---

[1]The individual defendants were dismissed by the district court prior to the appeal, due to a determination that the plaintiff had abandoned her claims against these defendant. *See* Memorandum of Decision (doc. 42), at 2 n. 1.

In accordance with regulations promulgated by the Department of Housing and Urban Development (HUD), the plaintiff requested an informal hearing after being notified that her rental assistance was to be terminated.  Evidence considered at the hearing by the hearing officer consisted of the following:

On August 29, 2005, a letter was sent to the owner of the property which plaintiff leased, asserting that a search warrant executed on the property on August 25, 2005, found "a quantity" of "illegal narcotics."  Exhibit C to defendant exhibit 1 (doc. 30).  The letter was signed by Captain Mike Fisher, Commander, Administrative Vice Birmingham Police Department.  *Id.*  There is no evidence that Captain Fisher testified at the informal hearing.  According to an employee of HABD, the Section 8 office received a copy of this letter.  Exhibit D to defendant exhibit 1.  By affidavit, the hearing officer states the letter from Captain Fisher was forwarded from the property owner to HABD.  Affidavit of Linda Carroll, submitted as defendant exhibit 1, ¶ 12.  The plaintiff was then sent a form letter, dated September 14, 2005, that her rental assistance would terminate October 31, 2005, "due to failure to comply with Section 8 regulations," more specifically, "Crime by Family Members 982.533."  Exhibit C to defendant exhibit 1.  The factual basis for the determination is noted to be "use of property for illegal drug sales and/or purchase."  *Id*.

A neighbor testified that she saw police officers pick up "reefer" in the yard and that "there was a girl there."  Exhibit D to defendant exhibit 1.  She then denied

2

having stated this.  *Id*.  Plaintiff's counsel informed the hearing officer she had been
unable to obtain a police report regarding this incident.  *Id.*  An attorney for the
housing authority testified that she spoke with someone at the Birmingham Police
Department who stated a detective arrested someone in possession of cocaine and
marijuana, and that a second detective returned with a search warrant and seized three
marijuana plants with a street value of $6,000.00.  *Id*.  No police reports containing
these allegations were submitted to the hearing officer, no one from the police
department appeared to testify at the hearing, and no arrest report or search warrant
was produced.  Rather, the sole evidence of these allegations, used to terminate the
plaintiff's housing benefits, was the statement of an attorney for HABD that this was
what a "Ms. Jackson" from the Birmingham Police Department told her over the
phone.  *Id.*  The hearing officer concluded that "[n]o evidence was presented to the
contrary" and therefore issued an order upholding the termination of the plaintiff's
housing assistance.  *Id*.

The plaintiff argued to the Eleventh Circuit Court of Appeals that the hearing
violated the plaintiff's due process rights because the hearing officer relied solely on
hearsay without adequate indicia of reliability and that the hearing officer
impermissibly shifted the burden of proof to her.  *Ervin,* at 8.  The Eleventh Circuit,
in relying on its decision in *Basco v. Machin,* 514 F.3d 1177 (11th Cir.2008), held
that "a local housing authority has the burden of persuasion and must initially present

3

sufficient evidence to establish a prima facie case." *Ervin*, at 8, citing *Basco*, 514 F.3d at 1182. The Eleventh Circuit concluded that the evidence supporting the administrative decision consisted solely of hearsay. *Ervin*, at 9. The Court recognized that, as defendant argued, hearsay may constitute substantial evidence in administrative proceedings, but the record in this case had less probative value and less reliability that the two unauthenticated police reports the Court had found insufficient in *Basco*. On that basis, the Eleventh Circuit vacated and remanded the district court's grant of summary judgment in favor of the defendant, in order to consider whether the "'factors that assure the underlying reliability and probative value of the evidence' necessarily are present here." *Ervin*, at 10.

In *Basco*, the Court discussed the use of hearsay in administrative proceedings and stated that the necessary reliability and probative force of such evidence depends on factors such as "whether (1) the out-of-court declarant was not biased and had no interest in the result of the case; (2) the opposing party could have obtained the information contained in the hearsay before the hearing and could have subpoenaed the declarant; (3) the information was not inconsistent on its face; (4) the information has been recognized by courts as inherently reliable." *Id*., 514 F.3d at 1182 (quoting *J.A.M. Builders, Inc. v. Herman*, 233 F.3d 1350, 1354 (11th Cir.2000)(citing *U.S. Pipe & Foundry Co.*, 595 F.2d at 270) (citing *Richardson v. Perales*, 402 U.S. 389, 402-06, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

4

Unlike the evidence before the Court in *Basco*, here the hearing officer did not have even unauthenticated police reports.  Rather, the hearing officer relied on defendant's attorney's statement that she spoke to a "Ms. Jackson" at the police department who said that two detectives went to the plaintiff's residence and the events in question thus occurred.  By the court's count, this is at least triple hearsay. Meanwhile, the plaintiff testified by deposition that she never saw a search warrant; that two undercover officers came to her yard and asked for permission to search it, to which she agreed; that the "marijuana plants with a street value of $6,000.00" looked like plain weeds in old dirt and rocks in two clay pots taken from her backyard; that she had never seen the clay pots before; that the woman arrested was the mother of her grandchild and there to drop off the child; that marijuana was removed from the woman's pocket while she was standing in the street in front of plaintiff's house; that no detective, police officer, or anyone else ever entered the house; that no detective ever returned to her house that day; and that she has never seen anything to establish that what was taken from her back yard was indeed marijuana.  Plaintiff depo. (doc. 34) at 42-48, 51, 66, 79-80, 100-101, 126-127, 130-136, 143-154, 166-168, 187.

Having considered the foregoing, the court is of the opinion that the HABD failed to meet its burden of persuasion at the informal administrative hearing to establish that the plaintiff's Section 8 housing subsidy was due to be terminated.

5

There simply was no credible evidence presented, hearsay or otherwise, of "use of the property for illegal drug sales and/or purchase."  The court therefore finds the decision of the HABD, terminating the plaintiff's housing assistance, was not supported by sufficient evidence, and hence plaintiff's benefits were wrongly terminated.

It is therefore **ORDERED** by the court that the defendant's motion for summary judgment (doc. 28) be and hereby is **DENIED**.

The court being of the opinion that the issues remaining in this case are matters for trial, it is **ORDERED** by the court that this case is set for non-jury trial on November 3, 2008, at 9:00 a.m., in Birmingham, Alabama, and pretrial conference on October 27, 2008, in Birmingham, Alabama.

**DONE** and **ORDERED** this the 30th day of July, 2008.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE